UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY PELZER,

       Plaintiff,                     No. 08-11932

v.                                   Magistrate Judge R. Steven Whalen

CHASE HOME FINANCE, LLC,

       Defendant.
_____/

**ORDER**

Plaintiff filed a *pro se* civil complaint on May 7, 2008, seeking monetary damages arising out of a mortgage foreclosure action is the 36th District Court for the City of Detroit, Michigan. On May 8, 2008, Plaintiff filed the present motion for emergency stay of eviction [Docket #4].

Defendant obtained a Sheriff's Deed to the property in question, as well as a judgment for possession in 36th District Court. It appears that during the pendency of the state court action, Plaintiff filed a petition in the United States Bankruptcy Court, which stayed the state court action for a period of 30 days. Subsequently, the Bankruptcy Court entered an order lifting the stay, and eviction proceedings ensued. It does not appear that either the default judgment or the judgment for possession in 36th District Court has been appealed to the Wayne County Circuit Court. It is unclear to this Court whether the time for taking such appeal has run.

-1-

Based on the information before this Court, the relief requested in the motion to stay appears to be precluded by the Rooker-Feldman doctrine as well as by principles of *res judicata*. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Parson Steel Inc. v. First Alabama Bank*, 474 U.S. 518, 523, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986). Rooker-Feldman is based on the principle that a federal district court does not have appellate jurisdiction to review a state court judgment. The doctrine of *res judicata* holds that this Court would be precluded from hearing not only claims actually litigated in the prior state court action, but all claims arising out of the same transaction that the parties, exercising reasonable diligence, could have raised in the prior action but did not. *Limbach v. Oakland County Bd of County Road Comm'r*, 226 Mich. App. 389, 396, 573 N.W.2d 336 (1997).

I wish to make two additional points. First, this Order is narrow, and applies only to the specific request for an emergency stay. I enter this Order in my capacity as presiding judge, based on the information before me at this time. This Order does not circumscribe the discretion of the assigned judge to enter any other orders or take any other action in this case, including action based on additional information that the parties may provide.

Secondly, while I decline to grant the emergency relief that the Plaintiff requests, I note that her remedy may more appropriately lie either in the 36th District Court, the Wayne County Circuit Court, or the United States Bankruptcy Court.

For the foregoing reasons, Plaintiff's motion for emergency stay of eviction [Docket #4] is DENIED.

SO ORDERED.

                                        S/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE

Dated: May 9, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 9, 2008.

                                        S/G. Wilson
                                        Judicial Assistant